UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

        Plaintiff,

        v.                                          Case No. 25-cv-1335-bhl

MS. BOYEA et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Mark Schultz, who is confined at the Wisconsin Resource Center and representing himself, filed an action under 42 U.S.C. §1983 alleging that his civil rights were violated. This matter comes before the Court on Schultz's motion for leave to proceed without prepaying the full filing fee, his motion to appoint counsel, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Schultz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Schultz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.08. The Court will therefore grant his motion to proceed *in forma pauperis*. 28 U.S.C. §1915(b)(4). The Court will also deny as moot his motion for an extension of time to pay the initial partial filing fee.

### SCREENING OF THE COMPLAINT

Rather than filing a single complaint containing all of his allegations against all of the people he wants to sue, Schultz filed a complaint, followed by a twenty-four-page supplement on September 26, 2025, a seventy-nine page-supplement on October 8, and a seven-page-supplement on November 5. He has also filed more than a hundred pages of miscellaneous documents. Spreading allegations, claims, and requests for relief over multiple filings is confusing and, more

importantly, violates Fed. R. Civ. P. 8(a)(2) in that it does not present "a short and plain statement of the claim." Additionally, such an approach violates Civil L. R. 15, which requires that "[a]ny amendment to a pleading . . . reproduce the entire pleading as amended, and [] not incorporate any prior pleading by reference." Given the deficiencies of his complaint, if Schultz wants to continue with this case, he must file an amended complaint that contains all of his allegations against all of the people he wants to sue in a single document.

As Schultz prepares his amended complaint, he is advised that, while multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). For example, Schultz cannot properly join in a single action claims that relate to his classification status with claims that involve different people and relate to his medical care. Unrelated claims against different people belong in different lawsuits.

Schultz is also reminded that, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In other words, baldly accusing someone of wrongdoing will be insufficient to state a claim if the accusation is not supported by specific factual allegations.

Schultz should prepare his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) how it impacted him; and (5) what relief he would like the Court to provide. Schultz should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood

2

by someone who is not familiar with the facts of his case. The Court will provide Schultz with a blank amended complaint form. **Schultz must use the form.** Civil L. R. 9(b). If Schultz needs more space, he may add up to **five** additional pages. Schultz is again reminded that he does not need to explain the legal basis of a claim; he only must tell the Court what happened, who was responsible, and how he was impacted.

An amended complaint will replace the prior complaints, so the amended complaint must be complete in itself without reference to prior filings. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Schultz's failure to file a complaint that complies with Rule 8 and Civil L. R. 15.

## MOTION TO APPOINT COUNSEL

On November 20, 2025, Schultz filed a motion to appoint counsel. He asserts that he has contacted three lawyers about representing him, but he has not received a response. He also asserts that he has a low IQ and suffers from severe learning disabilities and attention deficit disorder. He also has mental health challenges.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It appears that Schultz has satisfied the first prong of the standard. Nevertheless, the Court will deny his motion because he appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience,

3

Case 2:25-cv-01335-BHL     Filed 12/19/25     Page 3 of 5     Document 21

intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Currently, all Schultz must do is tell the Court what happened in an amended complaint. His amended complaint need not—indeed, *should* not—contain legal arguments or case citations. As explained, Schutlz should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case. Schultz has personal knowledge of this information and considering his prior filings, the Court is confident that he can prepare an amended complaint on his own. The Court encourages Schultz to review the enclosed litigation guide. The guide contains helpful information about how the case will proceed and has a glossary of commonly used legal terminology.

If new challenges arise that Schultz does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Schultz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and his motion for an extension of time to pay the initial partial filing fee (Dkt. No. 18) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **January 19, 2026**, Schultz may file an amended complaint consistent with the requirements described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Schultz a blank amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order. **Schultz must use the form and may add no more than five pages.**

**IT IS FURTHER ORDERED** that Schultz's motion to appoint counsel (Dkt. No. 16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the agency having custody of Schultz shall collect from his institution trust account the $347.92 balance of the filing fee by collecting monthly payments from Schultz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Schultz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Schultz remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Schutlz is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schultz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 19, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge