UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

      Plaintiff,

      v.                                             Case No. 25-cv-1335-bhl

MS. BOYEA,
MS. WERTEL,
MS. JANDRIN,
MS. HEIL,
SARAH COOPER,
ANGELA HANSEN,
SARAH L. DEYOUNG,
CHRISTOPHER STEVENS,
Z. PAUL,
A. DEGROOT, and
JOHN AND JANE DOES,

      Defendants.

---

## SCREENING ORDER

---

      Plaintiff Mark Schultz, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 19, 2025, the Court screened the complaint and after concluding it violated Fed. R. Civ. P. 8, gave Schultz the opportunity to file an amended complaint, which he did on January 22, 2026. This decision screens the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Schultz explains that in June 2022, after pleading guilty, he was convicted of "Escape-Criminal Arrest." Given the nature of his conviction, during his classification hearing, he was given a "10 Year Mandatory Restrictor," meaning that he would be confined in a maximum-security facility. Schultz explains that maximum-security facilities do not offer early release programs, so he lost the opportunity to participate in the program even though his sentence stated that he was eligible for the program. Schultz asserts that the loss of this opportunity will cost him about four years of freedom. He also asserts that the living conditions in maximum-security facilities are significantly harsher than those in medium- or minimum-security facilities. He states that the cells are smaller, prisoners are deprived of out-of-cell and outdoor recreation, and there are limited educational and vocational programs. Schultz asserts that murderers receive only a three-year mandatory restrictor, and they pose a much greater risk to the community, so there is no rational justification for giving him a ten-year restrictor.

## THE COURT'S ANALYSIS

Schultz asserts that his rights have been violated by the authors of a policy that attaches a mandatory ten-year restrictor to prisoners convicted of escape attempts. Schultz states that as a result of this policy, he is unable to begin an early release program because he is confined at a maximum-security facility where the program is not offered. He also asserts that his inmate complaints about the policy have not been properly processed.

With respect to his allegations against the policy makers, Schultz fails to state a claim on which relief can be granted because it has long been held that the denial of access to prison programming does not infringe on a protected liberty interest. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). As the Seventh Circuit has explained, "if the State's action will inevitably affect the duration of the sentence, there is due process protection, but there is no such protection for action that merely might affect the duration of the sentence." *Id*. at 571-72. In other words, even if Schultz were given an opportunity to begin the program, it is not inevitable that he would complete the program and earn good time credits. *See id.* Accordingly, he has no protected liberty interest in the early release program, so he does not state a due process claim.

Schultz also fails to state a claim based on his assertion that the policy is not supported by a legitimate penological interest. "The State has a valid interest in ensuring prison security, and prison officials have broad discretion to further that goal." *Mitchell v. Division of Adult Institutions*, No. 23-cv-1522-pp, 2025 WL 18655 at *5 (E.D. Wis. Jan. 2, 2025) (citing *Mays v. Dart*, 974 F.3d 810, 820 (7th Cir. 2020)). The Department of Adult Institutions (a division of the Department of Corrections) has a legitimate security interest in preventing prisoners from escaping (or from attempting to escape) and the restrictor policy advances that interest by providing a strong deterrent to prisoners. Given the significant security justification, the policy is presumed rational and must be upheld. *Id.* (citations omitted).

Nor does Schultz state a claim based on allegations that the overall conditions at maximum-security facilities are harsher and more restrictive than at medium- and minimum-security facilities. As the Seventh Circuit has explained, "[g]enerally speaking, challenges to the conditions of confinement cannot be aggregated and considered in combination unless they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.

That's because nothing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022). Schultz's allegations about limited recreational time, small cell sizes, and fewer programming opportunities are insufficient to state a claim because they do not have a mutually enforcing effect that deprives him of a single, identifiable need. Clearly, conditions are more challenging at a maximum-security facility, but that is by design because the people incarcerated at such facilities have been deemed unable to successfully manage the freedom and privileges offered at facilities with lower classifications. In any event, Schultz's allegations about the conditions of his confinement are insufficient to state a claim under Fed. R. Civ. P. 8 because Schultz does not clarify who he spoke to about what conditions or what response he received. He therefore fails to provide notice to each Defendant of the basis of his claim against them. Moreover, it appears that claims related to the conditions of his confinement are not properly joined in the same action with claims about the restrictor applied to him because of his conviction. *See* Fed. R. Civ. P. 18, 20; *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Schultz also fails to state a claim based on allegations that his inmate complaints were not properly processed. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George*, 507 F.3d at 609).

Finally, the Court will deny Schultz's motion asking that the clerk's office discard the documents he previously filed. Schultz's filings are part of the official court record and cannot be withdrawn. Schultz is advised, however, that the Court did not consider those filings when screening his amended complaint.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that Schultz's motion to discard all other documents (Dkt. No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

4

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of February, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.