UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

Plaintiff,

v.                                                    Case No. 25-cv-1335-bhl

MS. BOYEA et al.,

Defendants.

---

## DECISION AND ORDER

---

Plaintiff Mark Schultz is incarcerated at the Wisconsin Resource Center and representing himself in this 42 U.S.C. §1983 action.  On February 18, 2026, the Court dismissed this action after concluding the amended complaint failed to state a claim on which relief could be granted.  On April 6, 2026, Schultz filed a notice of appeal.  On May 15, 2026, Schultz filed a motion for reconsideration, which the Court may resolve under Fed. R. Civ. P. 62.1.  Schultz asks the Court to give him another chance and explains that he has worked very hard for the past three to four years to get into an earned release program.  He asserts that he asked many people to help him before he filed this lawsuit.

After a final judgment is entered, a plaintiff may amend his complaint only after successfully moving to vacate or set aside the judgment under Rule 59(e) or 60(b).  *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Schultz has not made any attempt to do so.  And, even if the Court were to construe his motion as a motion for reconsideration, the Court would deny the motion because Schultz has not identified any error, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct warranting reconsideration of the dismissal.  *See* Fed. R. Civ. P. 60(b).  Indeed, Schultz makes no argument regarding the merits of the Court's decision.  Accordingly, the Court will deny Schultz's motion to file a second amended complaint.

The Court will also deny his requests that the Court contact his institution to sort out issues with his legal loan.  Plaintiffs do not have a constitutional entitlement to subsidy to prosecute their

lawsuits. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)). Like all civil litigants, a prisoner must decide which of his legal actions are important enough for him to fund, and he must be careful to budget his limited resources. *Id*. The Seventh Circuit has advised that an institution's provision of legal loans is "a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts." *Id*. "The court cannot override state policy and procedures on such matters." *McCalla v. Thompson*, Case No. 18-cv-1895, 2019 WL 3220551, *2 (E.D. Wis. July 17, 2019).

**IT IS THEREFORE ORDERED** that Schultz's motion "for another chance at an amended complaint" and/or motion for reconsideration (Dkt. No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Schultz's requests that the Court intervene in his legal loan concerns (Dkt. Nos. 40, 45) are **DENIED**.

Dated at Milwaukee, Wisconsin on May 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge